11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Emery Hastings

Appellant

Vs.                   No.
11-03-00017-CR B Appeal from
Dallas County

State of Texas

Appellee

 

The jury convicted Emery Hastings of possession of
cocaine.  Appellant entered pleas of
true to the enhancement allegations, and the trial court assessed his
punishment at confinement for 25 years. 
We affirm.

Appellant=s court-appointed counsel has filed a
brief in which he reviews in detail the indictment, the pretrial proceedings,
the jury selection, the sufficiency of the evidence, objections presented to
the trial court, the jury charge, the punishment phase of the trial, and trial
counsel=s performance.  Counsel concludes that the record does not
reflect any arguable issues to present on appeal.  Counsel has furnished appellant with a copy of the brief and
advised appellant of his right to review the record and file a pro se
brief.  A pro se brief has not been
filed.  Counsel has complied with the
procedures outlined in Anders v. California, 386 U.S. 738 (1967); Stafford
v. State, 813 S.W.2d 503 (Tex.Cr.App.1991); High v. State, 573
S.W.2d 807 (Tex.Cr.App.1978); Currie v. State, 516 S.W.2d 684 (Tex.Cr.App.1974);
and Gainous v. State, 436 S.W.2d 137 (Tex.Cr.App.1969).








Following the procedures outlined in Anders, we have
independently reviewed the record. 
Dallas Police Officer Jamie Castro testified that, as he walked by
appellant=s parked car,
he saw appellant cutting a “cookie” of crack cocaine with a razor blade.  The large round chunk of cocaine was on top
of a CD case in appellant=s lap. 
When he saw Officer Castro, appellant placed the cocaine in his mouth
and tried to lock the car door. 
However, Officer Castro opened the car door; and appellant lunged at
him.  A struggled ensued, and Officer
Castro saw appellant throw the cocaine into the parking lot.  The forensic laboratory report revealed that
the rock or cookie contained 11.5 grams of cocaine.  The evidence is both legally and factually sufficient to support
the jury=s verdict.  Jackson v. Virginia, 443 U.S. 307
(1979);  Vasquez v. State, 67
S.W.3d 229, 236 (Tex.Cr.App.2002); Jackson v. State, 17 S.W.3d 664
(Tex.Cr.App.2000); Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis
v. State, 922 S.W.2d 126 (Tex.Cr.App.1996). 

The record reflects that appellant received reasonably
effective assistance of trial counsel. Strickland v. Washington, 466 U.S. 668
(1984); Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App.1999).  The record further supports the trial court=s ruling on the
motion to suppress.  Loserth v. State,
963 S.W.2d 770, 773 (Tex.Cr.App.1998); Guzman v. State, 955 S.W.2d 85
(Tex.Cr.App.1997).  We agree that the
appeal is without merit.

The judgment of the trial court is affirmed.

 

PER CURIAM

 

September
25, 2003

Do
not publish.  See TEX.R.APP.P.
47.2(b).

Panel consists
of: Arnot, C.J., and

Wright, J., and
McCall, J.